```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

Craig Summers,                   :

    Plaintiff,              :

    v.                      :      Case No. 2:07-cv-1294

John Oliff, et al.,              :      JUDGE HOLSCHUH

    Defendants.             :

<u>ORDER</u>

This case is before the Court to consider plaintiff's motion for leave file to an amended complaint. Briefing on the motion was delayed pending the Court's resolution of a motion to substitute parties. Briefing has now been completed, with only defendant Troy Copeland opposing the motion. For the following reasons, the motion will be granted.

I.

By way of brief background, plaintiff's complaint alleges that while Craig Summers was incarcerated at the Morgan County Jail in 2006, he was subjected to the excessive use of force and denied medical care. In his amended complaint, plaintiff seeks to add one new defendant, officer Tom Taylor of the McConnelsville, Ohio police department, as a replacement for one of the John Doe defendants named in the original complaint. The complaint would also add a municipal liability claim against the Village of McConnelsville. Finally, the amendment would make minor corrections in the complaint, including changing the date of the incident in question from September 15, 2006 to September 16, 2006.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave

shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178 (1962) and <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In <u>Foman</u>, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In <u>Zenith Radio Corp.</u>, the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

<u>Phelps v. McClellan</u>, 30 F.3d 658, 662-63 (6th Cir.1994) (citing <u>Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau</u>, 786 F.2d 101, 103 (2d Cir.1986)). <u>See also Moore v. City of Paducah</u>, 790 F.2d 557 (6th Cir.1986); <u>Tefft v. Seward</u>, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, <u>see Duchon v. Cajon Co.</u>, 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a

-2-

substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

### III.

In his opposing memorandum, defendant Copeland, who is identified as a McConnelsville police officer, advances two reasons why the addition of the claims against the Village and officer Taylor ought not to be permitted. First, with respect to the Village, he argues that the amended complaint simply fails to state a claim for organizational liability. Second, he argues that neither claim would relate back to the filing of the complaint and therefore both would be barred by the applicable statute of limitations, which is two years. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989); O.R.C. §2305.10.

The statute of limitations argument is completely without merit. Ordinarily, the issue of the "relation back" of an amended complaint deals with the question of whether such a complaint, filed after the statute of limitations has expired,

substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

### III.

In his opposing memorandum, defendant Copeland, who is identified as a McConnelsville police officer, advances two reasons why the addition of the claims against the Village and officer Taylor ought not to be permitted. First, with respect to the Village, he argues that the amended complaint simply fails to state a claim for organizational liability. Second, he argues that neither claim would relate back to the filing of the complaint and therefore both would be barred by the applicable statute of limitations, which is two years. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989); O.R.C. §2305.10.

The statute of limitations argument is completely without merit. Ordinarily, the issue of the "relation back" of an amended complaint deals with the question of whether such a complaint, filed after the statute of limitations has expired,

substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

### III.

In his opposing memorandum, defendant Copeland, who is identified as a McConnelsville police officer, advances two reasons why the addition of the claims against the Village and officer Taylor ought not to be permitted. First, with respect to the Village, he argues that the amended complaint simply fails to state a claim for organizational liability. Second, he argues that neither claim would relate back to the filing of the complaint and therefore both would be barred by the applicable statute of limitations, which is two years. See Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989); O.R.C. §2305.10.

The statute of limitations argument is completely without merit. Ordinarily, the issue of the "relation back" of an amended complaint deals with the question of whether such a complaint, filed after the statute of limitations has expired,

relates back to date on which the initial complaint was filed, which presumably occurred within the limitations period. See Fed.R.Civ.P. 15(c). Here, however, the motion for leave to amend was filed less than two years after the event in question, at a time when the statute of limitations had not yet run. Thus, the correct question to be answered is whether, if the Court does not grant leave to amend after the statute of limitations has run, that delay should be permitted to prejudice a plaintiff who timely moved for leave to amend. Clearly, the answer to that question is no. Otherwise, the vagaries of the case - including, in this case, the delay caused by the proceedings relating to the motion to substitute parties - and the timing of the Court's ruling would become the dispositive factors for limitations purposes, rather than the timeliness of the plaintiff's motion. See, e.g., Abels v. JBC Legal Group, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (holding that it is the filing of the motion for leave to amend, not the filing of the amended complaint, that is the key to determining if defendants were timely put on notice of the pendency of a claim against them). Thus, the Court need consider only whether the proposed amendments should be denied because it would be an exercise in futility to permit them.

IV.

A municipality such as the Village of McConnelsville cannot be held liable under 42 U.S.C. §1983 simply because its employees may have committed constitutional violations. Rather, municipalities can be held responsible only for their own actions, which occur through the acts or omissions of their final policymakers, which they ratify in some way, or which result from the operation of municipal policies which have been explicitly or implicitly adopted by the municipality. See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378 (1989); see also Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). In

particular, City of Canton v. Harris held that a municipality can be held liable for constitutional injuries which result from the failure to train municipal police officers properly so long as it can be said that the failure to train is both a custom or policy of the municipality itself, and that failure constitutes reckless indifference to the constitutional rights of the members of the public with whom the untrained police officers come into contact. Id. at 388. The question raised by the opposition to the motion to dismiss is whether the complaint sufficiently alleges the type of conduct for which, under City of Canton, the Village of McConnelsville can be held liable.

The amended complaint allges that prior to the incident in which Mr. Summers was injured, the Village had a policy of failing to investigate citizen complaints about police misconduct. The complaint also alleges that the Village tolerated the type of misconduct which led to Mr. Summers' injuries. It asserts that Village police officers were neither properly trained nor re-trained after they engaged in improper acts, and that the officers came to believe that they could engage in improper conduct without risking discipline.

Most of the opposing memorandum is devoted to arguing that plaintiff will be unable to show or prove the existence of any policies or customs which amount to the type of indifference upon which municipal liability can be premised. That is, of course, not the standard under which a Rule 12(b)(6) motion would be judged. The lengthy quotation from Miller v. City of Columbus, 2007 WL 915180 (S.D. Ohio March 26, 2007), found in the responsive memorandum at page 4, comes from a decision which rules on a motion for summary judgment; the same is true of defendant's citations to Tompkins v. Frost, 655 F.Supp. 468 (E.D. Mich. 1987) and Boneburger v. Plymouth Twp., 132 F.3d 20 (3d Cir. 1997). Defendant does claim that the complaint's allegations are

mere conclusions and therefore would not withstand a motion to dismiss, but there is no special pleading rule applicable to claims of municipal liability under §1983.  Thus, "plaintiffs need not detail the facts underlying their claims or plead the multiple incidents of constitutional violation necessary at later stages to establish the existence of an official policy or custom and causation," Gedrich v. Fairfax County Dept. of Social Services, 282 F.Supp. 2d 239, 272 (E.D. Va. 2003), but must simply meet Rule 8(a)'s notice pleading standard.  This complaint appears to meet that standard, at least well enough to permit the municipal liability claim to be pleaded.

V.

Based upon the foregoing, the motion for leave to amend (#13) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.  Plaintiff shall promptly make service upon the new defendants or obtain appropriate waivers of service.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge